[Civ. No. 13305. Second Dist., Div. Two. Dec. 29, 1941.]

R. A. BINGHAM, Appellant, v. HJORDIS BINGHAM, Respondent.

Robert E. McGurl for Appellant.

William Ellis Lady for Respondent.

SCOTT (R. H.), J. pro tem.—Plaintiff brought suit for divorce against his wife. She filed a cross-complaint for separate maintenance. The divorce was denied and defendant was awarded $125 per month separate maintenance.

Plaintiff appeals on two grounds: (1) That the trial court did not make a finding that plaintiff has the ability to pay the amount ordered; (2) that it was error to exclude testimony concerning an arrest of defendant on a charge of intoxication and her subsequent plea of guilty thereto.

It appears that the parties were married in August, 1936, in Reno, Nevada, and separated about December 3, 1938. During that time defendant was injured in an automobile accident caused by plaintiff's reckless driving while intoxicated, and her full recovery appeared to be uncertain when the case was tried. A few days before the separation plaintiff secured an attorney and had an agreement prepared obligating himself to pay defendant $125 per month during her lifetime, and she agreed to pay all of her expenses out of that amount.

█ In her amended cross-complaint the wife alleged, among other matters, that she had no means of support other than that provided for in the agreement, and that plaintiff, a dentist, had income sufficient to make the payments as agreed. These allegations were not denied in the husband's answer to this pleading. Findings on these elements of the defendant's case are therefore unnecessary. Evidence presented by plaintiff as basis for his opposition to paying the amount awarded indicates not that it would be impossible but that at the most it might be inconvenient for him to pay the amount to which he had voluntarily agreed.

█ The testimony as to an arrest of defendant for intoxication and her plea of guilty thereto was excluded by the trial court because it had not been alleged in plaintiff's complaint. The incident is said to have occurred after the separation but before the complaint was filed. There is nothing in the record to which our attention has been directed which indicates that, in a case replete with mutual accusations of the intemperate use of alcoholic beverages, testimony con-

cerning one such instance would have materially affected its outcome.

Judgment affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.